IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 3, 2015 Session

**ALICIA DENISE FAIR v. ANDREW JACOB PARISH**

**Chancery Court for Jefferson County**
**No. 07-175      Telford E. Forgety, Jr., Chancellor**

**No. E2014-02337-COA-R3-CV-FILED-JUNE 3, 2015**

This is an appeal from an order entered in a post-divorce modification proceeding. Because the order appealed from does not resolve all the claims, rights, and liabilities of the parties, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

Edward L. Kershaw, Greeneville, Tennessee, for the appellant.

Robert B. White, Seymour, Tennessee, for the appellee.

**MEMORANDUM OPINION**[1]

This Court was alerted, prior to transmission of the record, that the order on appeal did not resolve all the claims, rights and liabilities of the parties at issue in the modification proceeding below.  As such, this Court directed the appellant to show cause why this appeal

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

should not be dismissed as premature. The appellant has filed no response to the show cause order.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellant, and her surety, for which execution may issue if necessary.

**PER CURIAM**